IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESSIE EDWARD BRAMBER, JR., | § | |
| Petitioner, | § § § | |
| v. | § § | 2:20-CV-85-Z |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

On February 13, 2020, petitioner filed a variety of documents with the United States District Court for the Southern District of Texas wherein he appears to challenge the constitutional validity or legality of the state court proceedings resulting in an Order deferring adjudication and placing petitioner on probation. [ECF 1]. Petitioner's pleading was construed as a *Petition for a Writ of Habeas Corpus by a Person in State Custody* and transferred to this Court. [ECF 4, 5]. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On May 7, 2013, petitioner was charged by Indictment in Childress County, Texas with the first degree felony offense of Aggravated Assault in violation of section 22.02 of the Texas Penal Code. *State v. Bramber*, No. 5,530. [ECF 11-1 at 6]. Specifically, it was alleged that on or about January 16, 2013, petitioner did:

> [I]ntentionally or knowingly threaten Donnell Robinson with imminent bodily injury by attempting to cut the said Donnell Robinson, and the [petitioner] did then

>and there use or exhibit a deadly weapon, to-wit: an ink pen with two razor blades attached to one end, during the commission of said assault.

The Indictment also alleged, as a second count, the third degree felony offense of Deadly Weapon in a Penal Institution in violation of section 46.10 of the Texas Penal Code. Specifically, it was alleged that on or about January 16, 2013, petitioner did:

>[W]hile confined in a penal institution, namely, the T.L. Roach Unit of the Texas Department of Criminal Justice, intentionally or knowingly possess in said penal institution a deadly weapon, to-wit: an ink pen with two razor blades attached to one end.

Additionally, the Indictment contained, for purposes of enhancing punishment, an Enhancement Paragraph alleging petitioner had been finally convicted of a felony offense prior to the commission of the offenses charged in the Indictment.

It appears the parties subsequently entered into a Plea Agreement whereby petitioner would plead guilty to Count One of the Indictment and true to the Indictment's enhancement paragraph, and in exchange the State would recommend to the trial court that petitioner be placed on Deferred Adjudication community supervision for a term of eight (8) years and would dismiss Count Two of the Indictment.

On June 10, 2013, petitioner appeared in open court with counsel and entered a plea of guilty to Count One of the Indictment and plea of true to the enhancement paragraph pursuant to the Plea Agreement. [*Id.*]. After finding petitioner made his plea freely, voluntarily and knowingly and that the evidence substantiated petitioner's guilt of the charged offense, the 100th Judicial District Court entered an *Order of Deferred Adjudication* placing petitioner on community supervision for a period of eight (8) years, so long as petitioner did not violate the terms and conditions his probation, and deferring proceedings in the case without entering an adjudication of guilt.[1] [*Id.*]. The trial court also entered an order imposing various conditions of community

---

[1] The trial court also assessed a $1,000 fine and ordered 300 hours of community service.

supervision. As reflected by the Texas Judicial Branch online resource, petitioner did not file a direct appeal of the state court's Order.

On March 30, 2015, the State filed a motion to revoke petitioner's community supervision for failure to comply with the terms and conditions of said supervision. The State also moved to proceed with a final adjudication of petitioner's guilt on the original charge to which he had pleaded guilty.

On November 17, 2016, petitioner, represented by counsel, appeared in open court with counsel and entered a plea of "true" to the violations alleged in the State's motions. [ECF 11-1 at 3-4]. The trial court found petitioner violated various terms and conditions of his community supervision and granted the State's motion to adjudicate petitioner's guilt. Consequently, the court adjudged petitioner guilty of the offense of Aggravated Assault, enhanced, as originally alleged, and assessed petitioner's sentence at twenty (20) years confinement in TDCJ-CID.[2] [*Id.*]. The *Judgment Adjudicating Guilt* in the case was signed and entered that same date. As reflected by the Texas Judicial Branch online resource, petitioner did not file a direct appeal of the revocation of his community supervision.

As reflected by the Texas Judicial Branch online resource and confirmed by an affidavit of the Clerk of the Texas Court of Criminal Appeals [ECF 11-1 at 9], petitioner did not collaterally attack either the Order deferring his adjudication and placing him on probation or the revocation of his community supervision by filing a state application for habeas corpus relief.

On April 15, 2019, petitioner purportedly placed the instant federal application for habeas corpus in the prison mail system, said application being received and file-stamped by the Southern

---

[2] The trial court also assessed a $1,000 fine.

District court approximately ten (10) months later on February 13, 2020, and this federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to argue he is being held in violation of the Constitution and laws of the United States because:

1. The May 7, 2013 Indictment charging petitioner with criminal offenses is void either because it was subsequently modified or because there was insufficient evidence to prove each of the alleged elements of the criminal offenses;

2. The State engaged in prosecutorial misconduct;

3. The June 10, 2013 *Order of Deferred Adjudication* constituted an enforceable contract and the subsequent adjudication of petitioner's guilt amounts to a breach of that contract; and

4. Petitioner is entitled to specific performance of the June 10, 2013 *Order of Deferred Adjudication* contract.

By the above grounds, petitioner appears to challenge both the <u>initial</u> proceeding in which he entered a guilty plea to the charge of Aggravated Assault and in which the state trial court entered an *Order Deferring Adjudication of Guilt* and placed petitioner on community supervision, as well as the subsequent proceeding in which the trial court adjudicated his guilt and entered Judgment.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## RESPONSIVE PLEADINGS

On June 16, 2020, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. [ECF 11]. In her Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also set forth relevant dates in this case and analyzed the timeliness of petitioner's federal habeas application. [*Id*. at 3-5]. Petitioner did not file a reply in opposition to respondent's Answer.

## V.
## TIME BAR

### A. Grounds 1 and 2

Grounds 1 and 2 arose at the time of petitioner's original guilty plea proceeding and relate to the initial entry of the June 10, 2013 Order placing petitioner on deferred adjudication community supervision. Under Texas law, a defendant placed on deferred adjudication

community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is <u>first</u> imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Here, the state trial court entered the Order placing petitioner on deferred adjudication probation on June 10, 2013. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005). Because petitioner failed to file an appeal, the deferred adjudication order became "final" under 2244(d)(1)(A) upon the expiration of the 30-day appellate period, or on July 10, 2013. *See* Tex. R. App. P. 26.2(a)(1). The limitation period for petitioner's claims thus began to run on the date the original order deferring adjudication became final, *i.e.*, on **July 10, 2013**, when the time for filing an appeal expired. Petitioner thus had one year, or until **July 10, 2014**, to file a federal habeas corpus proceeding raising any complaints regarding deficiencies during the initial deferred adjudication proceedings.[3] Therefore, any federal habeas application petitioner wished to file asserting these claims had to be filed no later than July 10, 2014 to be timely under the limitations period.

The filing of a state application for habeas corpus statutorily tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Here, however, petitioner did not file a state habeas application and is thus not entitled to any statutory tolling to extend the limitations period with regard to his first and second claims.

The one-year statute of limitations on petitions for federal habeas relief by state prisoners

---

[3]Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

is not a jurisdictional bar and thus is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner, however, does not assert any basis for equitable tolling in his submitted documents, nor does he attempt to show he exercised diligence in filing for habeas relief. Petitioner has not met his burden to show extraordinary circumstances warranted equitable tolling of the limitation period or that he otherwise exercised the requisite level of due diligence in seeking habeas relief for any period of equitable tolling. Grounds 1 and 2 as set forth above that relate to his placement on deferred adjudication are time-barred.

B. Grounds 3 and 4

Grounds 3 and 4 appear to challenge the revocation of petitioner's probation and/or the subsequent adjudication of petitioner's guilt. Specifically, petitioner appears to contend these actions of the trial court cannot stand as they were violative of the court's previous *Order Deferring Adjudication*.

Petitioner could have appealed from his November 17, 2016 *Judgment Adjudicating Guilt*, *see* Tex. Code Crim. Proc. art. 42.12 § 5(b) (2016), but failed to do so. *Cf. Rose v. State*, 2016 WL 7335859 (Tx.App.-Austin Dec. 16, 2016). Therefore, his conviction became final on December 17, 2016 when his time for seeking direct review expired. The limitation period for petitioner's claims thus began to run on the date the judgment became final, *i.e.*, on **December 17, 2016**, and petitioner had one year, or until **December 10, 2017**, to file a federal habeas corpus proceeding raising any complaints about the revocation or adjudication.

Again, the filing of a state application for habeas corpus statutorily tolls the statute of limitations, but petitioner did not file a state habeas application and is not entitled to any statutory tolling to extend the limitations period with regard to these claims. Nor does petitioner assert any basis for equitable tolling or attempt to show he exercised diligence in filing for habeas relief.

Grounds 3 and 4 as set forth above challenging the revocation or his community service or adjudication of guilt are time-barred.

## VI.
## ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). Here, petitioner does not assert a claim of actual innocence, much less make the necessary showing of actual innocence. He has not presented any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. Petitioner has not overcome either time bar for filing a federal habeas corpus petition by demonstrating his actual innocence.

## VII.
## FINAL FINDINGS AND CONCLUSIONS

### A. Grounds 1 and 2

The undersigned makes the following findings and conclusions with regard to Grounds 1 and 2 set forth above challenging the original deferred adjudication proceeding:

1. The state trial court entered the *Order Deferring Adjudication and Placing Defendant on Community Supervision* on June 10, 2013. Petitioner did not file a direct appeal of this Order with the appropriate state appellate court.

2. Petitioner's deferred adjudication order became final on **July 10, 2013**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's order deferring adjudication becoming final.

6. The 1-year period of limitation in this case with regard to Grounds 1 and 2 set forth above began on the date on which petitioner's Order deferring guilt became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **July 10, 2014**, unless statutorily or equitably tolled.

8. Petitioner did not file a state habeas application and, thus, is not entitled to statutorily tolling of the limitations period.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, purportedly filed **April 15, 2019** when it was placed in the state prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, nor he has he demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable trier of fact would have convicted petitioner in light of the new evidence.

Therefore, for the above reasons and for the reasons set forth in respondent's Answer filed June 16, 2020 [ECF 11], the undersigned United States Magistrate Judge concludes petitioner's first and second grounds set forth above are time barred and should be denied.

### B. Grounds 3 and 4

The undersigned makes the following findings and conclusions with regard to Grounds 3 and 4 set forth above challenging the revocation of his community supervision and adjudicating guilt on the original charge:

1. The state trial court entered the *Judgment Adjudicating Guilt* on November

2. 17, 2016. Petitioner did not file a direct appeal of this Order with the appropriate state appellate court.

2. Petitioner's Judgment became final on **December 17, 2016**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case with regard to Grounds 3 and 4 set forth above began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **December 17, 2017**, unless statutorily or equitably tolled.

8. Petitioner did not file a state habeas application and, thus, is not entitled to statutorily tolling of the limitations period.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, purportedly filed **April 15, 2019** when it was placed in the state prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, nor has he has demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable trier of fact would have convicted petitioner in light of the new evidence.

Therefore, for the above reasons and for the reasons set forth in respondent's Answer filed June 16, 2020 [ECF 11], the undersigned United States Magistrate Judge concludes petitioner's third and fourth grounds as set forth above are time barred and should be denied.

## VIII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JESSIE EDWARD BRAMBER, JR. be DENIED.

## IX.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 24, 2020.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).